**EXHIBIT A**

CONTRACT FOR SALE OF VEHICLE

**MOTOR VEHICLE RETAIL INSTALLMENT CONTRACT (Precomputed)** Date 06/29/2005    Loan/Account No.  153

| Buyer (and Co-Buyer) Name and Address | Seller/Creditor Name and Address |
|---|---|
| PATRICK A GRISARD-VAN ROEY<br>122 EAST BAUGH AVE<br>GREENVILLE, SC. 29607- | AUTO CREDIT CENTER INC.<br>2432 LAURENS ROAD<br>GREENVILLE, SC. 29607- |

You, the Buyer (and Co-Buyer, if any), may buy the motor vehicle described below (the "Vehicle") for cash or on credit.  The cash price of the Vehicle is shown on page 2 as "Cash Price."  By signing below, you represent that you have been quoted only one cash price for the Vehicle.  The credit price of the Vehicle is shown below as "Total Sale Price."  By signing this Contract, you choose to buy the Vehicle on credit as described in this Contract.  "We", "us" and "our" refer to the Seller shown above, and any subsequent assignee of this Contract.  You promise to pay the Total of Payments shown in the Federal Truth in Lending Disclosure Box below ("TILA Box"), in accordance with the Payment Schedule shown below until the debt is fully paid.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2003 MITSUBISHI | GALANT ES | 4A3AA46G93E072574 | ☐ Personal, Family or Household<br>☐ Business  ☐ Agricultural |

| Trade-In | 1992 FORD RANGER XLT | $ 500.00 | $ N/A | $ 500.00 |
|---|---|---|---|---|
| | Year, Make and Model | Gross Allowance | Amount Owing | Net Trade In |

### FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid when you have made all scheduled payments | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 29.000 % | $ 13433.36 | $ 18694.00 | $ 35477.36 | $ 3850.00<br>$ 35977.36 |

**Payment Schedule**

| Number of Payments | Amount of Each Payment | When Payments Are Due |
|---|---|---|
| 96 | 334.66 | BI-WEEKLY BEGINNING 09/16/2005<br>LAST SCHEDULED PAYMENT ON 05/08/2009 |
| 2 | 350.00, 600.00 | 350.00 ON 07/06/2005, 600.00 ON 07/30/2005 |
| 2 | 1000.00, 1400.00 | 1000.00 ON 08/16/2005, 1400.00 ON 09/01/2005 |

**Prepayment**: If you pay off your debt early, you may be entitled to a refund of a part of the finance charge.
**Late Payment**: If any portion of your payment is more than 10 days past due, we will charge you the maximum late fee permitted by law.  Currently, that amount is the lesser of $ 5.60 or 5% of the amount that is delinquent, but will never be less than $ 5.60.
**Security Interest**:  You are giving a security interest in the Vehicle being purchased.
Please read this Contract for additional information on security interests, non-payment, default, and our right to require repayment of your debt in full before the scheduled maturity date.

☐ **VENDOR'S SINGLE INTEREST INSURANCE**:  If this box is checked, insurance coverage to protect Seller's assignee from loss or damage to the Vehicle (collision and comprehensive) is required.  **You may choose the person through whom the insurance is obtained.**  By signing below, you have elected to purchase this coverage through Seller, and you have agreed to pay the cost of such insurance as shown in item 4(b)(i) of the **ITEMIZATION OF AMOUNT FINANCED.**  This coverage is for the initial term of this Contract.  Vendor's Single Interest Insurance is for our sole protection – this insurance does not protect your interest in the Vehicle.  The charge for this insurance is not refundable upon prepayment of this Contract unless such a refund is required by law.

## NOTICE: THE INSURANCE COVERAGE YOU ARE PURCHASING IS FOR THE BENEFIT OF THE CREDITOR.  IT WILL NOT REIMBURSE YOU FOR DAMAGES TO YOUR VEHICLE, BUT IT MAY PAY THE CREDITOR FOR THE DAMAGES IF YOU CANNOT PAY.  YOU HAVE THE RIGHT TO PURCHASE INSURANCE THAT WILL REIMBURSE YOU FOR DAMAGES TO YOUR VEHICLE EITHER THROUGH THE CREDITOR IF OFFERED BY THE CREDITOR OR THROUGH YOUR OWN AGENT.

By signing below, you acknowledge having read the foregoing disclosures.

Buyer's Signature: _____

| INSURANCE | ITEMIZATION OF AMOUNT FINANCED |
|---|---|

**YOU MAY OBTAIN INSURANCE ON THE COLLATERAL FROM A PERSON OF YOUR CHOICE THAT IS AUTHORIZED TO SELL SUCH INSURANCE AND IS ACCEPTABLE TO US.**

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**

**INSURANCE COVERAGE IS FOR THE LENGTH OF THE CONTRACT UNLESS A DIFFERENT TERM IS INDICATED BELOW, IN WHICH CASE THE INSURANCE COVERAGE IS FOR LESS THAN THE TERM OF THE CONTRACT.**

<u>**CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM SHOWN BELOW.**</u>

The policies or certificates issued by the insurer will describe the terms and conditions in further detail. If you want any of the following insurance, please check the applicable box and sign below:

a. [ ] Credit Life ([ ] Buyer Only [ ] Joint)
   Term: N/A     Premium $         N/A
   Name of Insurer: N/A

b. [ ] Credit Disability ([ ] Buyer Only [ ] Joint)
   Term: N/A     Premium $         N/A
   Name of Insurer: N/A

c. [ ] Other Insurance
   Term: N/A     Premium $         N/A
   Name of Insurer:  N/A

X_____
   Buyer                        Date
X_____
   Co- Buyer                    Date

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (Including sales tax of $  300.00  ) .... $   22295.00 (1)

2. Down Payment
   Cash Down Payment..................... $     0.00
   Deferred Down Payment................. $   3350.00
   Net Trade-In (Description on page 1)... $    500.00
      Total Down Payment ............... $   3850.00 (2)
      (If negative enter "0" and see line 4(c) below)

3. Unpaid Balance of Cash Price (1 minus 2)....... $   18445.00 (3)

4. Amounts Paid to Others on Your Behalf
   **(a) To Public Officials**
   (i) License, title & registration fees ................. $    50.00
   (ii) Filing fees ...................................... $    N/A
   (iii) Taxes (not in Cash Price above)** ............. $    N/A
   *(b) To Insurance Companies for:
   (i) Vendor's Single Interest Insurance ............... $    N/A
   (ii) Credit Life Insurance ........................... $    N/A
   (iii) Credit Disability Insurance ..................... $    N/A
   (iv)    N/A    ....................................... $    N/A
   (c) **Prior Credit or Lease Balance** ................. $    N/A
   To whom paid  N/A
   (d) Other Charges:
   *To N/A           for Optional Gap Protection.... $    N/A
   *To N/A           for Optional Service Contract . $    N/A
   *To/for  N/A                                       $    N/A
   *To/for  N/A                                       $    N/A
   *To/for  THE SELLER FOR *** Doc Fee               $   199.00
   **Total Amounts Paid to Others on Your
      Behalf (a + b + c + d).** ......................... $   249.00 (4)

5. **Amount Financed** ......................................... $   18694.00 (5)
   (3 plus 4)

   *Seller may retain or receive a portion of these amounts

**GAP PROTECTION: Optional Guaranteed Auto Protection (GAP) is not required to obtain credit.** GAP protection will not be provided under this Contract unless you sign for it below and agree to pay the additional cost shown below and in item 4(c) of the ITEMIZATION OF AMOUNT FINANCED. You may obtain optional GAP protection from a person of your choice who is authorized to sell such coverage and who is acceptable to us. The GAP contract issued by the provider of the protection will describe the terms and conditions of coverage in further detail. If you want GAP protection, sign below.
Cost: $   N/A     Term: N/A     Provider: N/A

X_____        X_____
Buyer                        Date         Co-Buyer                      Date

**NOTICE TO THE BUYER**
A. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES.
B. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS.   BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT. YOU ALSO ACKNOWLEDGE RECEIPT OF: (1) A TRUE AND COMPLETELY FILLED  IN COPY OF ALL PAGES OF THIS CONTRACT AT THE TIME YOU SIGN IT AND (2) IF ARBITRATION IS AGREED UPON,  A COPY OF THE ARBITRATION AGREEMENT PERTAINING TO THIS CONTRACT.

X_____        X_____
Buyer Signs                               Co-Buyer Signs

By signing below, the Seller/Creditor accepts this Contract

X AUTO CREDIT CENTER INC.     By: _____     Title: Sales F + I
   Seller

**Wayne Reaves** – South Carolina Precomputed MV RISC  (05/21/04)     Page 2 of 4
HC#48010                                                              Buyer's Initials _____

**ADDITIONAL PROVISIONS**

**Payments:**  You jointly and severally agree to make all payments when they are due according to the Payment Schedule shown in the TILA Box on page 1 of this Contract.  You may prepay this Contract at any time without penalty.

**Security Interest:**  To secure your obligations, you give us a security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle.  You also give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance.  The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract.  You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent.

**Finance Charges:**  The Finance Charges in this Contract are precomputed.  Upon or after assignment of this Contract, the Seller may receive a portion of the Finance Charges.

**Prepayment:**  If you prepay this contract in full, you will be entitled to a refund of the unearned portion of the Finance Charges.  Any refund to which you are entitled will be computed by the actuarial method.

**Use of Vehicle:**  You must take care of the Vehicle.  You must obey all laws in using it.  You must keep the Vehicle in your possession at the Buyer's address shown on page 1, unless we approve another address in writing.  You may not sell or rent the Vehicle while it is subject to our lien.  You must keep it free from the claims of others.  You will not take it out of the United States without our prior written consent.  You will immediately tell us of any change in your address or the address where the Vehicle is regularly kept.  You agree not to add to the Vehicle any accessories, equipment or any other property in which any other person has an ownership or security interest.

**Warranties Seller Disclaims:**  Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, **the Seller makes no warranties, express or implied, on the Vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose**.  This provision does not affect any warranties covering the Vehicle that the Vehicle manufacturer may provide.

**Vehicle Insurance:**  You must insure yourself and us for the term of this Contract against loss of or damage to the Vehicle with a policy in the Buyer's name acceptable to us.  You will maintain comprehensive fire, theft and collision coverage, insuring the Vehicle for at least the Vehicle's fair market value.  You will name us as loss payee and provide whatever evidence of insurance we request.  We must approve the type and amount of insurance.  If you do not maintain the required insurance, and Vendor's Single Interest insurance for the Vehicle is not in effect, we may buy substantially similar coverage at your expense.  We will add the cost of such insurance to your obligations due under this Contract.  You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Annual Percentage Rate.  The insurance we buy may, at our option, protect only our interest, or both your interest and ours.  **Insurance we buy may cost substantially more than insurance you buy**.  We will cancel the insurance we buy if you give us satisfactory proof of insurance.  **Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed.**

**Late Charges and Returned Checks:**  If we receive all or part of your payment late, you agree to pay us the charge for late payments shown in the TILA Box on page 1 of this Contract.  You also agree to pay any costs we incur to collect any late payment, as allowed by law.  If we accept a late payment, your default is not excused and you cannot keep making payments late.  You agree to pay a service charge of  $30 for any check or other instrument you give us that is unpaid for any reason.

**Payment Extension:**  You may ask us for an extension of the scheduled due date of all or any part of a payment. If we agree to your request, we may charge you a $15 extension fee.  You must maintain the physical damage insurance required by this Contract during the period of such an extension.  You may also extend the term of any optional insurance you bought with this Contract to cover the extension, if the insurance company or your insurance contract permits it and you pay the charge for extending such insurance.  If you obtain a payment extension, be advised that you will pay additional finance charges at the Annual Percentage Rate on the amount extended during the extension period.  You will also pay any additional insurance charges resulting from the extension.

**Default:**  You will be in default if: (1) you do not make any payment required by this Contract; or (2) the prospect of payment, performance or realization of collateral is significantly impaired which you agree will include (a) if you gave false or misleading information on your application relating to this Contract; (b) if you file a bankruptcy petition or if one is filed against you; (c) if the Vehicle is lost, damaged beyond repair, or destroyed; or (d) if you do not keep any other agreement in this Contract.

If you are in default, we may require you to pay at once the unpaid balance of the Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract. We may take back (repossess) the Vehicle. We may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If you do not claim them within the time required by law, we will dispose of them in a commercially reasonable manner.

We may cancel any insurance or other products or services you have purchased in this Contract and apply any refunds we receive to the amount you owe. To the extent not prohibited by applicable law, you agree to pay any attorney's fees and collection costs we incur at any time in collecting amounts you owe under this Contract, including during any bankruptcy proceedings or upon any appeal.

If we take back the Vehicle, we will sell it unless you exercise any right to cure or redeem the Vehicle that you may have under state law. The sale proceeds, less amounts we pay to take back the Vehicle, hold it, prepare it for sale, and sell it, and less our attorney's fees and legal costs if permitted by law, will be used to pay the amount you owe on this Contract. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Contract and costs, you will pay what is still owed (the deficiency) to us. If we repossess the Vehicle, you may be required to pay our actual costs of taking and storing the Vehicle to the extent such charges are permitted by law. If you owe us a deficiency, you may be charged interest at the Annual Percentage Rate or the highest lawful rate until you pay us all that you owe.

We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s).

**Assignment:** You may not assign your rights in the Vehicle or under this Contract without our written permission. We may sell or assign our rights in this Contract without your permission. We may sell or assign this Contract for an amount that is more than or less than the Amount Financed.

**Credit Reports:** You authorize us and any person to whom this Contract may be assigned to obtain a consumer credit report on you and to investigate your credit and employment history.

**General:** Any change in this Contract must be written and signed by you and us. The law of the state of the Seller's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good.

**ACKNOWLEDGEMENT OF PURCHASE OF VEHICLE CONTAINING PAST DUE STARTER INTERRUPT AS CONDITION OF SALE. Buyer understands that there may be a payment guarantee device installed on the Vehicle as a condition of sale. Buyer understands that if he/she does not make all payments as required under this Contract, THIS DEVICE WILL PREVENT THE VEHICLE FROM BEING STARTED. Buyer agrees to sign all disclosure forms attached, and further understands and agrees that these forms are a part of this Contract and are incorporated herein as though fully set forth.**

**NO COOLING OFF PERIOD: State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind.**

| NOTICES REQUIRED BY FEDERAL LAW | |
|---|---|
| Used motor vehicle buyers guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale. Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta. | NOTICE TO BUYERS FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES: <br><br> NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. |

Seller assigns its interest in this contract to _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse          ☐ Assigned without recourse          ☐ Assigned with limited recourse

Seller _____     By _____     Title _____

HC#48010

# PRE-SALE CREDIT DISCLOSURE

**AUTO CREDIT CENTER INC.**

**2432 LAURENS ROAD**

**GREENVILLE, SC. 29607-**

| VEHICLE INFORMATION | | | |
|---|---|---|---|
| 1113 | 2003 | MITSUBISHI | GALANT ES |
| **Stock #** | **Year** | **Make** | **Model** |
| | 4A3AA46G93E072574 | | |
| | **VIN** | | |

| ANNUAL PERCENTAGE RATE  The cost of your credit as a yearly rate | FINANCE CHARGE  The dollar amount the credit will cost you | AMOUNT FINANCED  The amount of credit provided to you on your behalf | TOTAL OF PAYMENTS  The amount you will have paid when you have made all scheduled payments | TOTAL SALES PRICE  The total cost of your purchase on credit, including your down payment of $ 3850.00 is |
|---|---|---|---|---|
| 29.000 % | $ 13433.36 | $ 18694.00 | $ 35477.36 | $ 35977.36 |

| * Number of Payments: | 96 | Payment Amount: | 334.66 |
|---|---|---|---|
| **Payment Due Every:** | 2 WEEKS | **Payments Begin:** | 09/16/2005 |

* Plus any scheduled pick up payments

**I have received a copy of this disclosure prior to signing the retail installment sales contract and understand that I will be subject to the above upon acceptance of financing with your dealership or arranged by you dealership.**

PATRICK A GRISARD-VAN ROEY

Buyer: _Pack Von Roey_          Date _6-30-05_

Co-Buyer: _____          Date _____

Witness: _____          Date _6-30-05_

# DISCLOSURE NOTICE OF NONPUBLIC PERSONAL INFORMATION

Business
AUTO CREDIT CENTER INC.
2432 LAURENS ROAD
GREENVILLE, SC. 29607-
(864) 676-1735

Customer
PATRICK A GRISARD-VAN ROEY
122 EAST BAUGH AVE
GREENVILLE, SC. 29607-

We are required by federal law to inform you that our company gathers and stores nonpublic personal and financial information of potential, current and former consumers and customers.

*This information is used in order to serve you in an efficient and timely manner.*

At times, we disclose your information with affiliates and nonaffiliated third parties as necessary to **effect, administer or enforce** our transactions with you.
We may share your information with companies and entities such as:
- Financial lending institutions, credit bureaus and non-financial institutions
- Retail and direct marketers
- Others such as non-profit organizations
- State and federal government agencies and departments

These organizations are also required to comply with privacy laws.

Information collected may include:
- Information obtained from you on applications or other forms such as your name, address social security number, driver license information, assets and income
- Information obtained from affiliated companies such as payment history and other transactions
- Information from consumer reporting agencies including your credit history and other credit worthiness information
- Information from other third parties to whom you have given consent

To ensure limited access of your nonpublic information within our company we have physical, electronic and procedural safeguards in place.
These include:
- Limited access to information storage areas
- Electronic password and security codes required to access computer information
- Requirements for third parties to comply with privacy laws

If you prefer you may return the following form at any time to prevent us from disclosing information about you (other than that allowed by federal law). However, federal law allows for us to disclose information after 30 days if we have not received this opt out notice from you.

Date Printed:  06/30/2005

*I acknowledge that I have received a copy of this notice.*

SIGNED: CUSTOMER                          SIGNED: WITNESS                          DATE

---

## REQUEST TO *OPT OUT* OF THIS PRIVACY DISCLOSURE NOTICE

Business
AUTO CREDIT CENTER INC.
2432 LAURENS ROAD
GREENVILLE, SC. 29607-
(864) 676-1735

Customer
PATRICK A GRISARD-VAN ROEY
122 EAST BAUGH AVE
GREENVILLE, SC. 29607-

I hereby give you notice that none of my information is to be disclosed other than allowed by federal law.

SIGNED                                              DATE

**Return this notice to the address shown above if you wish to OPT OUT of this notice or call us at the number above if you have any questions.**

## AS IS - SOLD WITHOUT WARRANTY

**Date:** 06/29/2005

**Acct. No.** 153

**Seller's Name and Address**

AUTO CREDIT CENTER INC.
2432 LAURENS ROAD
GREENVILLE, SC. 29607-
COUNTY: GREENVILLE

**Purchaser's Name** PATRICK A GRISARD-VAN ROEY
**Address** 122 EAST BAUGH AVE
**City / State** GREENVILLE, SC    **Zip** 29607-
**County** GREENVILLE
**Res. Phone** (864) 630-3271
**Bus. Phone** ( )

| Year | Make | Model | MVI or Serial No. | Body Style |
|------|------|-------|-------------------|------------|
| 2003 | MITSUBISHI | GALANT ES | 4A3AA46G93E072574 | 2H |

| New / Used | Tag No. | Decal | County | Odometer Mileage |
|------------|---------|-------|--------|------------------|
| USED | | | GREENVILL | 31405 |

The vehicle identified above is subject to the terms and conditions of this agreement

SELLER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESSED OR IMPLIED INCLUDING ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND SELLER NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF THE VEHICLE.

### "NOTICE OF VEHICLE SOLD WITHOUT ANY WARRANTY"

THIS VEHICLE IS SOLD AS IS, WHERE IS AND WITHOUT ANY WARRANTY. THE PURCHASER WILL BEAR THE ENTIRE EXPENSE OF REPAIRING OR CORRECTING ANY DEFECTS THAT PRESENTLY EXIST AND/OR MAY OCCUR IN THE VEHICLE UNLESS THE SALESPERSON PROMISES IN WRITING AT THE TIME OF THE SALE TO CORRECT SUCH DEFECTS.

BUYER HEREBY ACKNOWLEDGES HE HAS READ, UNDERSTANDS, AND ACCEPTS THE PROVISIONS OF THIS WARRANTY STATEMENT FOR THE ABOVE IDENTIFIED VEHICLE.

_____
Purchaser Signature

_____
Witness

_____
Witness

## WARRANTY DISCLAIMER - SOLD AS IS

# ARBITRATION AGREEMENT
**This Arbitration Agreement significantly affects your rights in any dispute with us.**

### Please read this Arbitration Agreement carefully before you sign it.

DATE: _06/29/2005_                    VIN: _4A3AA46G93E072574_

- EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT.
- IF A DISPUTE IS ARBITRATED, YOU AND WE WILL EACH GIVE UP OUR RIGHT TO A TRIAL BY THE COURT OR BY A JURY.
- IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US, INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
- THE INFORMATION YOU AND WE MAY OBTAIN IN DISCOVERY FROM EACH OTHER IN ARBITRATION IS GENERALLY MORE LIMITED THAN IN A LAWSUIT.
- OTHER RIGHTS THAT YOU AND WE MAY HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.
- YOUR AND OUR RIGHTS TO APPEAL OR CHANGE AN ARBITRATION AWARD IN COURT ARE VERY LIMITED.

In this arbitration agreement ("agreement"), "You" refers to the customer(s) who sign below. "We", "us", "third party", and "Dealer" refer to the Dealer signing below, and include the Dealer's employees, agents, assigns and parent and affiliated companies. "Parties", refer to you and us. "Vehicle" refers to the automobile identified by the VIN set forth above. "Claims" include any and all disputes, claims or controversies, whether in law or in equity, between the Parties relating to the Vehicle and arising out of or relating to: (a) The vehicle's condition, warranty, workmanship, servicing, maintenance or repair. (b) The application for and the terms of and enforceability of the sale lease or financing of the vehicle. (c) The purchase or terms of any product or coverage. Including without limitation, any warranty, service agreement, maintenance plan, paint/undercarriage/interior protection product, anti-theft etching product and warranty, GAP protection, deficiency waiver addendum or any insurance coverage. (d) Any claims of breach of contract, misrepresentation, conversion, fraud or unfair and deceptive trade practices, or (e) any claim of a violation of any local, state of federal statute, regulation, ordinance, rule, etc.

At the request of either Party, any Claim shall be decided in binding arbitration before one of the following ("the arbitration forum"):

    American Arbitration Association (1-800-778-7879)
    National Arbitration Forum (1-800-474-2371)
    JAMS (1-800-448-1660)

ARBITRATION

Page 1 of 2                                    Initialed by Customer(s)

You may select the Arbitration Forum. Any arbitration under this Agreement shall be conducted under the current arbitration rules for the Arbitration Forum you select. To the extent that any Claim is deemed a "consumer dispute", the parties agree that the fee schedule provided in the rules for consumer disputes by the particular arbitration forum, if any, may apply. You can get a copy of the rules from the particular Arbitration Forum by calling the numbers indicated above. The arbitration hearing shall be conducted in the federal district in which you reside or in which the Vehicle was purchased or leased.

The Parties agree that once one of the parties has elected to arbitrate, binding arbitration is the exclusive method for resolving any and all Claims and that by entering into this Agreement the parties are waiving their right to a jury trial and their right to bring or participate in any class action in court or through arbitration.

The Arbitrators shall be attorneys or retired judges and shall be selected in accordance with the applicable rules. The arbitration award shall be in writing, but without a supporting opinion. If you demand arbitration first, you will pay one half of any arbitration filing fees. We will pay the rest of the filing fee, and the whole filing fee if we demand arbitration first or if the arbitrator determines that applicable law requires us to do so or that you are unable to do so. We will pay the arbitration costs and fees for the first day of arbitration, up to maximum of eight hours. We will also pay any fees and charges that the arbitrator determines that we must pay in order to assure that this Arbitration Agreement is enforceable. The arbitrator deciding the Claims shall have the authority to award fees, costs, injunctive or equitable relief in accordance with this Agreement and applicable law.

If a party fails to arbitrate as required under this agreement, the party demanding arbitration shall, to the extent allowed by applicable law, be entitled to recover its/their attorney's fees and costs incurred compelling the other party to arbitrate the Claim.

The parties acknowledge and agree that the Federal Arbitration Act (9U.S.C. #1 et seq.) shall govern any arbitration under this arbitration agreement.

If any term of this Agreement conflicts with the terms of any other document or agreement between the Parties the terms of this agreement shall prevail. If any part of this Agreement shall be deemed or found unenforceable for any reason, the remainder of the Agreement shall remain enforceable.

BY SIGNING BELOW, THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND
AGREE TO THE TERMS OF THIS ARBITRATION AGREEMENT.

_____
Customer

_____
Dealer

_____
Customer


ARBITRATION
Page 2 of 2

**Buyers Order / Bill of Sale**

Page 2

## ADDITIONAL CONDITIONS OF SALE

It is further understood and agreed that the order on Page 1 hereof is subject to the following terms and conditions:

1. If the used motor vehicle which has been traded in as a part of the consideration for the motor vehicle purchased hereunder is not to be delivered to Dealer until delivery to Purchaser of such motor vehicle, the used motor vehicle may be reappraised at that time by the Dealer and such reappraised value shall determine the allowance made for such used motor vehicle. If such reappraised value is lower than the original allowance therefor shown on the front of this Order, and such lower value is not the result of damage to the vehicle incurred subsequent to the original appraisal, Purchaser may, if dissatisfied therewith, cancel this Order provided, however, that such right to cancel is exercised prior to the delivery of the motor vehicle ordered hereunder to the Purchaser and surrender of the used motor vehicle to Dealer.

2. Purchaser agrees to deliver to Dealer satisfactory evidence of title to any used motor vehicle traded in as a part of the consideration for the motor vehicle ordered hereunder at the time of delivery of such used motor vehicle to Dealer. Purchaser warrants any such used motor vehicle to be his property free and clear of all liens and encumberances and that the title is free and clear of all indicators such as police, taxi, flood damaged, reconstructed or any other indicator that would adversely affect the value of such vehicle except as otherwise noted herein.

3. Unless this Order shall have been cancelled by Purchaser under and in accordance with the provisions of this contract, Dealer shall have the right, upon failure or refusal of Purchaser to accept delivery of the motor vehicle purchased hereunder and to comply with the terms of this Order, to retain as liquidated damages any cash deposit made by Purchaser, and, in the event a used motor vehicle has been traded in as a part of this consideration for the motor vehicle purchased hereunder, to sell such used motor vehicle and reimburse himself out of the proceeds of such sale for the expenses and losses as Dealer may incur or suffer as a result of such failure or refusal by Purchaser.

4. Dealer shall not be liable for failure to deliver or delay in delivering the motor vehicle covered by this Order where such failure or delay is due, in whole or in part, to any cause beyond the control or without the fault or negligence of Dealer.

5. Unless otherwise expressly provided, the purchase price for the vehicle specified on Page 1 hereof does not include any taxes imposed by any governmental authority with respect to such vehicle prior to or at the time of delivery of such vehicle to the Purchaser; the Purchaser assumes and agrees to pay any and all such taxes, and any and all other taxes, except income taxes, imposed on or incidental to the transaction covered by this Order, regardless of who may have the primary tax liability.

6. Any motor vehicle sold to Purchaser by Dealer under this Order is sold WITHOUT WARRANTY, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE as to its condition or the condition of any part thereof except as may be specifically provided in a separate writing furnished to Purchaser by Dealer. BUYER SHALL NOT BE ENTITLED TO RECOVER FROM THE SELLER ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME,LOSS OF PROFITS OR INCOME OR ANY OTHR INCIDENTAL DAMAGES. The seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of such vehicle. This disclaimer in no way affects the terms of any remaining Manufacturer's warranty.

7. In the case of a cash transaction, title to the ordered vehicles shall not pass to the Purchaser until the Dealer shall have received in cash, the full amount of the balance due on settlement. In the event that the transaction covered by this Order is not a cash transaction, Purchaser agrees to execute, before or at the time of delivery of the ordered vehicle, such conditional sales contracts and other instruments as may be required by Dealer.

8. Any amount marked as an "estimate" on this agreement is based on the best information available to Dealer and is subject to change when the true amount is determined. Purchaser agrees to such changes in the terms hereon as may be necessary to reflect the correction of any such estimate.

9. "For sales involving dealer-arranged financing, the following notice applies. THIS SALE IS CONDITIONED UPON APPROVAL OF YOUR PROPOSED RETAIL INSTALLMENT SALES CONTRACT AS SUBMITTED TO OR THROUGH THE DEALER. IF THAT PROPOSED RETAIL INSTALLMENT SALES CONTRACT IS NOT APPROVED UNDER THE TERMS AGREED TO WITH THE DEALER, YOU MAY CANCEL THIS SALE AND ANY DOWNPAYMENT AND/OR TRADE-IN YOU SUBMITTED WILL BE RETURNED TO YOU, PROVIDED THAT ANY VEHICLE DELIVERED TO YOU BY THE DEALER PURSUANT TO THIS AGREEMENT IS RETURNED TO THE DEALER IN THE SAME CONDITION AS DELIVERED TO YOU. NORMAL WEAR AND TEAR EXCEPTED, WITHIN TWENTY-FOUR HOURS OF WRITTEN OR ORAL NOTICE TO YOU OF THE CREDIT DENIAL."

Page 2 of 2     Buyer's Initials_____

## HOMELAND SECURITY STATEMENT

**DATE:**        06/29/2005

**COMPANY:**    AUTO CREDIT CENTER INC.
            2432 LAURENS ROAD
            GREENVILLE, SC. 29607-

**CUSTOMER:**   PATRICK A GRISARD-VAN ROEY
            122 EAST BAUGH AVE
            GREENVILLE, SC.  29607-

This is to certify that on the date above, the Homeland Security Database was checked and the customer listed above was not found.  The date of the Homeland Security Database was 06/10/2005

_____        _____
Signature of Company Representative        Signature of Customer

_____6-30-05_____        _____06/30/05_____
            Date                            Date

**\* Please attach a copy of Customer ID**

## ADDITIONAL NAMES CHECKED AND ON THE CONTRACT:

N/A
_____        _____
        Co-buyer's Printed Name                Signature of Co-buyer

N/A
_____        _____
        Co-signer's Printed Name                Signature of Co-signer

# AUTO CREDIT CENTER INC.

# ALL VEHICLES ARE SOLD AS IS

AUTO CREDIT CENTER INC. MAKES NO CLAIMS OR
WARRANTIES EITHER ORAL OR WRITTEN IN REGARDS
TO THE MECHANICAL OR PHYSICAL CONDITION OF
YOUR VEHICLE OR TITLE.  ONCE YOU PURCHASE
YOUR VEHICLE IT IS YOUR RESPONSIBILITY TO PAY
FOR "ALL" UP KEEP OR REPAIRS AS THEY OCCURE
FROM THE MOMENT YOU DRIVE OFF THE LOT.  SOME
VEHICLES MAY HAVE UNDERGONE BODY REPAIR
AND/OR PAINT WORK.  BY SIGNING THIS DOCUMENT
YOU ARE ACKNOWLEDGING THAT THE CONTENTS OF
THIS DOCUMENT HAVE BEEN EXPLAINED TO YOU
AND THAT YOU AGREE AND UNDERSTAND ALL
CONDITIONS AND STATEMENTS CONTAINED WITHIN
IT.

_____ SIGNED
         06/30/05         DATE


_____ WITNESS

## REPOSSESSION AGREEMENT

**SELLER'S NAME AND ADDRESS**

AUTO CREDIT CENTER INC.
2432 LAURENS ROAD
GREENVILLE, SC. 29607-

**PURCHASER'S NAME AND ADDRESS**

PATRICK A GRISARD-VAN ROEY
122 EAST BAUGH AVE
GREENVILLE, SC. 29607-

06/29/2005
**Date**

| VEHICLE INFORMATION | | |
|---|---|---|
| 2003 | MITSUBISHI | GALANT ES |
| **Year** | **Make** | **Model** |
| | 4A3AA46G93E072574 | |
| | **VIN** | |

I hereby agree that in the event that I fail to make any payment or any part of any payment on my loan from you, regarding the vehicle mentioned above, you are authorized by me and have the right to take said vehicle back from me, without the necessity of a court order or any judicial process. I further agree that if it becomes necessary for you to take said vehicle back, you are permitted to do so at any time of the day or night and may enter and remove said vehicle from my property or any other property where I may leave said vehicle.

I also give you permission to use any reasonable means to open and gain entry into said vehicle without causing any undo damage in the process of taking it back.

I understand that should it become necessary for you to take back said vehicle and I redeem same by making full payment to you, this payment will include any of your costs for taking back the vehicle.

I agree that I will not keep any personal property of great value in said vehicle during the term of this loan, but in the event I do, I assume any and all responsibility for any personal property left in the vehicle by me or any other persons, should that property be lost or missing for any reason from said vehicle after it has been taken back by you and stored in a reasonably safe place.

I agree that you are not required to give me any notice before you take back said vehicle and that my failure to make any payment on time according to my loan contract, will be my notice that you have the right to take back the vehicle.

I understand that I have the right to have this agreement examined by my attorney if I desire, before I sign it.

_____
**SELLER'S SIGNATURE**

_____
**PURCHASER'S SIGNATURE**

_____
**WITNESS**

_____
**CO-PURCHASER'S SIGNATURE**

# DISCLOSURE of DISCOUNT
*AND*
# BUYER REPRESENTATION
*OF*
# CASH PRICE

**CUSTOMER (BUYER) :** PATRICK A GRISARD-VAN ROEY

**CREDITOR (SELLER) :** AUTO CREDIT CENTER INC.

**RETAIL INSTALLMENT CONTRACT DATE:** 06/29/2005

I AM CONSIDERING ENTERING INTO A RETAIL INSTALLMENT CONTRACT IN CONNECTION WITH THE PURCHASE OF AN AUTOMOBILE FROM THE SELLER NAMED ABOVE. I HAVE BEEN GIVEN THE OPPORTUNITY TO READ THE RETAIL INSTALLMENT CONTRACT, COMPLETELY FILLED IN, AND TO ASK ANY QUESTIONS I HAVE CONCERNING THE CONTRACT OR THIS DOCUMENT.

I UNDERSTAND THAT THE PRICE OF THE AUTOMOBILE IS AS SET FORTH IN THE RETAIL INSTALLMENT CONTRACT. I REPRESENT THAT I WAS NOT QUOTED A LOWER CASH PRICE FOR THE AUTOMOBILE AND THAT THE CASH PRICE WAS NOT INCREASED BECAUSE I WOULD BE PURCHASING THE AUTOMOBILE ON CREDIT. I UNDERSTAND THAT THE SELLER HAS THE OPTION AND THE RIGHT TO SELL AND ASSIGN MY RETAIL INSTALLMENT CONTRACT TO _____ FOR A DISCOUNTED AMOUNT. I UNDERSTAND THAT THIS MEANS THAT _____ MAY PURCHASE MY RETAIL INSTALLMENT CONTRACT FROM THE SELLER FOR AN AMOUNT WHICH IS LESS THAN THE AMOUNT OF CREDIT PROVIDED TO ME OR ON BEHALF BY THE SELLER.

I FURTHER UNDERSTAND THAT THE SALE AND ASSIGNMENT OF MY RETAIL INSTALLMENT CONTRACT AT A DISCOUNT WILL NOT RELIEVE ME OF ANY OBLIGATIONS UNDER THE RETAIL INSTALLMENT CONTRACT NOR WILL IT ALTER ANY OF THOSE OBLIGATIONS EXCEPT AS TO THE PLACE WHERE PAYMENT IS TO BE MADE.

I ACKNOWLEDGE THAT I HAVE RECEIVED AND READ THIS DOCUMENT BEFORE SIGNING THE RETAIL INSTALLMENT CONTRACT AND THAT THIS DOCUMENT WAS COMPLETELY FILLED IN BEFORE I SIGNED IT.

**DATED:** 06/30/05

_____
**CUSTOMER**

_____
**CUSTOMER**

## EXHIBIT "B"

STATEMENT OF DISCLOSURE AND AUTHORIZATION TO INSTALL A
PASSTIME PROTECTION SYSTEM

## PASSTIME PAYMENT ASSURANCE SYSTEM
## DISCLOSURE STATEMENT AND AGREEMENT FOR INSTALLATION

Buyer(s)
Names: _PATRICK Gerard Van Rosy_      Date: _6-30-05_

Vehicle
Description: _2003_      _Mitsub._   _Galant_   _072574_
          Year         Make       Model      Vehicle Identification Number (VIN)

Pursuant to the Retail Installment Sale Contract (the "Contract") that I signed in connection with my purchase of the above-described vehicle (the "Vehicle"), dated the same date as this Passtime Payment Assurance System Disclosure Statement and Agreement for Installation (this "Agreement"), I understand that the Vehicle I am purchasing is equipped with the PASSTIME PAYMENT ASSURANCE ELECTRONIC DEVICE (the "Device"). The Device is designed to ensure that I make my payments on time as required by the Contract. The Device includes an electronic timer that must be reset by entering a new code if the Device is activated If the Dealership or any assignee of the Contract ("you" and "your") does not receive a required payment within 10 days after the payment's due date, I understand that you may send me a written notice of right to cure. I agree that I am only entitled to one notice of right to cure during the entire term of the loan and that you are not required to send a notice of right to cure after any subsequent defaults. I agree that if you have not received my past due payment(s) within 20 days after you send me this notice of right to cure, you may activate the Device without further notice to me. If you activate the Device, I will not be able to enter a new code and the Vehicle will not start. On any subsequent default, I agree that if I fail to make a scheduled payment on or before the due date, I will not be able to enter a new code and the Vehicle will not start.

PLEASE READ AND SIGN BELOW TO INDICATE YOUR UNDERSTANDING AND ACCEPTANCE OF THE FOLLOWING TERMS REGARDING THE INSTALLATION OF THE PASSTIME PAYMENT ASSURANCE DEVICE, YOUR OBLIGATIONS CONCERNING MAKING PAYMENTS UNDER THE CONTRACT AND THE CONSEQUENCES OF FAILING TO MAKE A PAYMENT:

1. I understand that installing and maintaining the Device in the Vehicle is a material condition for the Dealership to finance the purchase of the Vehicle. I further understand that I may be able to purchase a vehicle from another dealership that may not require installation of the Device, but I am choosing to purchase this Vehicle and I consent to having the Device installed.

Buyer: _Richard Van Rosy_      Co-Buyer:

2. I have been provided with the PASSTIME CUSTOMER OPERATING INSTRUCTIONS, which explain how the Device operates, my obligations with respect to the use of the Device and the procedures for obtaining emergency codes.

Buyer: _Richard Van Rosy_      Co-Buyer:

HC#40599 (5/03) SOUTH CAROLINA

3. I understand that the Device is the property of the Dealership or its designated assignee. I further understand that if I tamper with, alter, disconnect or remove the Device, I will be considered in default under this Agreement and my Contract.

Buyer: [signature]    Co-Buyer: [blank]

4. I understand that if a scheduled payment is not received by the Dealership or its designated assignee **and if the applicable right to cure, if any, has expired, you may activate the Device without further notice to me and the Vehicle will not start.**

Buyer: [signature]    Co-Buyer: [blank]

5. I understand that if the Device is not reset (i.e. I obtain and enter a new code) after my payment is received, the Vehicle will not start.

Buyer: [signature]    Co-Buyer: [blank]

6. I understand that, in the event of an emergency, I have been provided with a minimum of 1 emergency codes good for 24 hours of operation of the Vehicle per code. I understand that to obtain additional emergency codes or have someone dispatched to assist me in the case of an emergency, I have been provided with a 24-hour hotline number.

Buyer: [signature]    Co-Buyer: [blank]

7. I understand that if I tamper with, alter, disconnect or remove the Device from the Vehicle, I may be liable for the cost to replace or repair the Device.

Buyer: [signature]    Co-Buyer: [blank]

8. I understand that the Dealership has the right to assign its rights, title and interest in the Contract at any time. The assignment of the Contract by the Dealership will not in any way affect the terms and conditions of this Agreement.

Buyer: [signature]    Co-Buyer: [blank]

9. I understand that only the Dealership or its authorized representatives are permitted to perform maintenance on the Device or any of its components. Should maintenance or repair be required, I agree to make the Vehicle available to the Dealership or its representatives during their normal business hours. I understand that the Dealership shall have full responsibility for the cost of all repairs to the Device, except for repairs caused by my tampering with, altering, disconnecting or removing the Device.

Buyer: [signature]    Co-Buyer: [blank]

HC#40599 (5/03) SOUTH CAROLINA

10. I understand that I may choose to purchase the Device after I have made all payments due under the Contract at a price to be determined and agreed upon by the Dealership and me. If I choose to purchase the Device after paying all sums due under the Contract, I will contact the Dealership to do this. If I do not choose to purchase the Device at that time, the Device will be removed from the Vehicle by the Dealership, or otherwise made inoperable so that it will have no effect on the operation of the vehicle, at no charge to me.

Buyer:                                          Co-Buyer:

**NOTICE: Do not sign this Disclosure Statement and Agreement for Installation without reading it first. By signing below, you are acknowledging that you have been given the opportunity to read this document and the PASSTIME CUSTOMER OPERATING INSTRUCTIONS and have had any questions regarding the Device answered to your satisfaction. You are further acknowledging that you fully understand and agree to be bound by all of the terms and conditions set forth herein. This Agreement is hereby incorporated by reference into the Contract.**

_____          _____
Buyer                                          Authorized Dealership Representative

_____
Co-Buyer

HC#40599 (5/03) **SOUTH CAROLINA**

# EXHIBIT "C"

INVOICE FOR THE INSTALLATION OF THE PASSTIME SYSTEM

Aiken Brothers Inc.
1616 Laurens Road
Greenville, SC 29607
US

**Invoice Number:**
757358

**Invoice Date:**
Jun 29, 2005

**Voice:** 864-235-0421
**Fax:** 864-421-0035

**Page:**
1

Duplicate

**Sold To:**
AUTO CREDIT CENTER
2432 LAURENS RD.
GREENVILLE, SC 29607

**Ship to:**

| Customer ID | Customer PO | | Payment Terms | |
|---|---|---|---|---|
| AUTO CREDIT | | | Net 30 Days | |
| Sales Rep ID | Shipping Method | | Ship Date | Due Date |
| SANDY | Airborne | | | 7/29/05 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| | | 2002 MITSUBISHI GALANT | | |
| | | SER#4A3AA46G93E072574 | | |
| | | PASSTIME-00024121 | | |
| 1.00 | 11111111 | INSTALL PASSTIME | 30.00 | 30.00 |

| | |
|---|---|
| Subtotal | 30.00 |
| Sales Tax | |
| Total Invoice Amount | 30.00 |
| Payment/Credit Applied | |
| **TOTAL** | 30.00 |

Check/Credit Memo No:

# EXHIBIT "D"

AFFIDAVIT AND NOTIFICATION OR SALE OF MOTOR VEHICLE
FOR THE VEHICLE



**AFFIDAVIT & NOTIFICATION OF**
## SALE OF MOTOR VEHICLE

No. 30561829

(Entire Form Must Be Typed or Printed)

Personally appeared before me _Auto Credit Center Inc_ 023-78743 0
(Seller)                          (Dealer Retail Tax #)

_2432 Laurens Rd  Greenville SC 29607_
(Address)

who being duly sworn, deposes and says that on the ___30___ day of ___June___ Yr_2005_

he sold the following motor vehicle:   Make _Mitsubishi_   Model _Galant ES_

Year _2003_   Identification (Serial) No. _4A3AA46G93E072574_

License No. _____ to _Patrick A Grisard-Van Roey_
(Buyer)

_112 E. Baugh Ave_  _Greenville_  _Greenville_  _SC_  _29607_
(Street)          (City)          (County)          (State)          (Zip)

Special Mailing Address

Deponent further states that there are no liens or encumbrances on the said vehicle except as listed below:

Lienholder _Auto Credit Center Inc_          Amount _3,5477 36_

Address _2432 Laurens Rd  Greenville SC 29607_ Date _6-30-05_

I certify that the odometer now reads _31405_ (no tenths) miles and to the best of my knowledge that it reflects
the actual mileage of the vehicle described below, unless one of the following statements is checked.

[ ] (1) I hereby certify that to the best of my knowledge, the odometer reading reflects the amount of mileage in excess of
its mechanical limits.

[ ] (2) I hereby certify that the odometer reading is NOT the actual mileage.   WARNING - ODOMETER DISCREPANCY

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete
or providing a false statement may result in fines and/or imprisonment.

_Auto Credit Center Inc_
(Signature of Seller)

_Auto Credit Center Inc_
(Print Seller's Name)

_Patrick Grisard-Van Roey_
(Signature of Buyer)

_Patrick Grisard-Van Roey_
(Print Buyer's Name)

Property Tax Section
Check One:

_X_ Purchase License Plate

D. L. Number _007208577_

License Plate Issued _____

___ Transfer License Plate

_Patrick Grisard Van Roey_
Signature of Buyer/if purchasing plates

ORIGINAL COPY - TO DIVISION OF MOTOR VEHICLES WITH TITLE AND LICENSING APPLICATION.   YELLOW COPY - FOR DEALER'S FILE.
PINK COPY - TO DIVISION OF MOTOR VEHICLES IF NEW TAGS ARE TO BE OBTAINED.   GOLDENROD COPY - TO BUYER

Form 181

**EXHIBIT "E"**

GREENCARD



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Patrick Grissard
Van Roey
122 East Baugh Ave.
Greenville SC
29607

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Van Roey_      ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
PATRICK VAN ROEY

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 1160 0002 1361 5370

PS Form 3811, February 2004    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

GREENVILLE SC 29607

| | | |
|---|---|---|
| Postage | $ | $0.39 |
| Certified Fee | $2.40 | 0273 |
| Return Receipt Fee (Endorsement Required) | $1.85 | 20  Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $4.64   01/17/2006 |

Sent To   Patrick Grissard Van Roey
Street, Apt. No.; or PO Box No.   122 East Baugh Ave.
City, State, ZIP+4   Greenville SC 29607

PS Form 3800, June 2002    See Reverse for Instructions

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

**Important Reminders:**
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making an inquiry.**
Internet access to delivery information is not available on mail addressed to APOs and FPOs.

PS Form 3800, June 2002 (Reverse)

---



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4 in this box •

**Auto Credit Center**
2432 Laurens Road
Greenville, SC 29607

Gate Letter

C032

# EXHIBIT "F"

TRANSMITTAL LETTER

AUTO CREDIT CENTER
2432 LAURENS RD.
GREENVILLE, S.C.  29607

LAW OFFICE OF SIDNEY WIKE, LLC

DEAR SIR OR MADAM:

THIS IS THE PASSTIME CODE FOR GRIZARD VAN ROEY
06-00576,  IT IS AS FOLLOWS: 815 081 486.  THIS CODE IS
GOOD THROUGH THE END OF SEPTEMBER.  PLEASE GET
IN TOUCH WITH YOUR CLIENT, THIS CODE MUST BE
USED WITH 12 HRS. IN ORDER FOR IT TO BE VALID.


THANK YOU,

SANDY MCGORMAN