FILED
at ___ O'clock & ___ min ___ M
JUN 1 5 2007

United States Bankruptcy Court
Columbia, South Carolina (42)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Patrick Andre Grisard-Van Roey,<br><br>Debtor. | Case No. 06-00576-jw<br><br>Chapter 7 |
| Patrick Andre Grisard-Van Roey,<br>Plaintiff,<br><br>v.<br><br>Auto Credit Center, Inc.<br><br>Defendant, | Adv. Pro. No. 06-80178-jw<br><br>ORDER |

ENTERED
JUN 1 5 2007
R.B.S.

This matter comes before the Court on the complaint filed by Patrick Andre Grisard-Van Roey ("Debtor") seeking compensatory and punitive damages for Auto Credit Center, Inc.'s ("Auto Credit") alleged violation of automatic stay. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052.[1]

## FINDINGS OF FACT

1. On June 29, 2005, Debtor and Auto Credit entered into a retail installment contract (the "Contract") for the sale of a pre-owned 2003 Mitsubishi Galant automobile (the "Vehicle").

2. As a condition for receiving financing from Auto Credit, Debtor agreed to the

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

installation of a Passtime Payment Assurance System ("Passtime System") in the Vehicle. The Passtime System operates to shut down the Vehicle if a payment is missed and also apparently serves as an anti-theft device for both Debtor and Auto Credit. The Vehicle will be disabled following the passage of a designated period of time unless a new code is timely entered. The Passtime System emits a warning beep which provides notice that a new code must be entered. Auto Credit provides the new code to Debtor upon receipt of payment.

3.    On June 29, 2005, Auto Credit installed the Passtime System in the Vehicle. On June 30, 2005, Debtor signed a Statement of Disclosure and Authorization to Install a Passtime Protection System (the "Disclosure Statement"). Debtor acknowledged in the Disclosure Statement that he had been provided with a minimum of one emergency code good for twenty-four hours of operation of the Vehicle per code and a 24-hour hotline number to obtain additional emergency codes or have someone dispatched to assist him in the case of an emergency. Debtor testified at trial that he placed paperwork that may have contained an emergency code in his glove compartment without ever reading it.

4.    On June 30, 2005, the transaction for the purchase of the Vehicle was completed and Debtor and Auto Credit signed an Affidavit and Notification of Sale of Motor Vehicle.

5.    Under the terms of the Contract, Debtor was required to make bi-monthly payments of $344.66 to Auto Credit.

6.    On January 17, 2006, following Debtor's failure to timely make a scheduled payment, Auto Credit sent a Notice of Right to Cure (the "Notice Letter") via certified mail, return receipt requested, which was received by Debtor on January 27, 2006.

7.  Subsequent to receiving the Notice Letter, Debtor timely cured his default.

8.  On February 15, 2006, Debtor filed for relief under Chapter 13 of the Bankruptcy Code.[2] Auto Credit was notified of Debtor's bankruptcy filing and was provided notice of the First Meeting of Creditors.

9.  On February 16, 2006, Debtor filed his Chapter 13 plan, which called for monthly payments to be made to Auto Credit and did not otherwise alter Debtor's original contract with Auto Credit. Debtor did not object to the continued operation of the Passtime System in his Chapter 13 plan.

10. Debtor's Chapter 13 plan was confirmed on March 23, 2006. Upon confirmation of the Plan, the payments became due monthly and the Passtime System was adjusted to provide for monthly, rather than bi-monthly, codes. Additionally, at Debtor's request, Auto Credit disabled the advance warning feature of the Passtime System so that it would no longer emit a warning beep prior to disabling the Vehicle.

11. Debtor made several payments under the Plan. After the May payment, a code was provided that was set to expire at the end of June and disable the Vehicle on July 4, 2006, if Debtor did not enter a new code.

12. Debtor failed to make his June payment. Accordingly, he did not receive a new code and the Vehicle was automatically disabled by the Passtime System on July 4, 2006.[3] The office of Auto Credit was closed for the Independence Day holiday, thus Debtor was unable to contact Auto Credit to request a new code.

13. On July 5, 2006, Debtor requested a longer term code, which Auto Credit

---

[2] "Bankruptcy Code," as used herein, refers to 11 U.S.C. § 101 *et seq.*
[3] At the May 31, 2007 trial on violation of stay, Debtor provided testimony regarding the length of time the Vehicle was disabled. Auto Credit's counsel objected to this testimony on grounds that the proffered testimony was contrary to the parties' stipulation agreement. Debtor's counsel agreed that he was bound to the facts in the stipulation agreement.

3

provided. The code provided was set to expire at the end of August 2006.

14. On July 10, 2006, Auto Credit received a letter from Debtor's attorney demanding that the Passtime System either be extended for a longer period of time or disabled completely and removed. In response, Auto Credit forwarded via facsimile a new code to Debtor's attorney, which was set to expire at the end of September. The notice of the new code provided that the new code would need to be entered into the Vehicle within twelve hours of authorization to activate the code. According to Debtor's testimony, he was not aware that Auto Credit had provided his attorney with a new code and, therefore; it appears that the new code was not timely or properly entered. As a result, the code entered on or about July 5, 2006 remained in effect.

15. On September 1, 2006, the Passtime System disabled the vehicle for one (1) day.

16. On September 13, 2006, Debtor filed this complaint alleging a violation of the automatic stay and other causes of action arising under state law.

17. On April 27, 2007, the Court entered an order granting Auto Credit's Motion for Summary Judgment on Debtor's state law causes of action.

18. On May 15, 2007, Auto Credit and Debtor filed a Joint Pre Trial Order, jointly admitting the Findings of Fact 1-18 from the Summary Judgment Order entered on April 27, 2007.

19. At the trial on the violation of stay, held on May 31, 2007, Debtor did not offer testimony that he was bothered or suffered loss of use when the Passtime System disabled the Vehicle.

20. Debtor did not detail nor provide proof of damages or attorney's fees.

## CONCLUSIONS OF LAW

Upon the filing of Debtor's bankruptcy petition, the automatic stay provided by 11 U.S.C. § 362(a)(3)[4] went into effect and stayed "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." In re Johnson, No. 97-06698, slip op. at 4 (Bankr.D.S.C. June 26, 2001). Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). Debtor must prove by clear and convincing evidence a willful violation of the stay and damages in order to recover under § 362(k). See Bolen v. Mercedes Benz, Inc. (In re Bolen), 295 B.R. 803, 807 (Bankr. D.S.C. 2002) (noting that a party seeking to recover for a willful violation of the stay must prove violation by clear and convincing evidence). See also In re Sammon, 253 B.R. 672, 679 (Bankr.D.S.C. 2000) (holding that in order to recover for a willful violation of stay, debtors must prove the following: (1) that a bankruptcy petition was filed, (2) that the debtors are "individuals" under the automatic stay provisions, (3) that creditors received notice of the petition, (4) that the creditors' actions were in willful violation of the stay, and (5) that the debtor suffered damages).

### I.  Violation of the Automatic Stay

The Court finds that Debtor has failed to prove by clear and convincing evidence that Auto Credit violated the automatic stay. Debtor argues that Auto Credit willfully exercised control over the Vehicle, in violation of § 362(a)(3), through its postpetition use of the Passtime System. However, the mere postpetition operation of the Passtime System does not constitute a violation of the automatic stay. See In re Hampton, 319 B.R.

---

[4] Further references to the Bankruptcy Code, 11 U.S.C. § 101 et seq., shall be by section number only.

5

163, 174 (Bankr. E.D. Ark. 2005) (stating that the mere existence of a system that was similar to the Passtime System does not violate the automatic stay). Rather, Auto Credit was obligated under § 362(a)(3) to avoid exercising control over the vehicle. Thus, Auto Credit had to take appropriate measures to prevent the vehicle from being disabled if it wished to continue its use of the Passtime System. See In re Dawson, No. 05-1463, slip op. at 8 (Bankr. N.D. Ohio Aug. 15, 2006) (finding that a creditor must either remove the disabling device or ensure that the debtor is provided with the correct codes to avoid violating the stay). In this case, Auto Credit avoided violating the stay by providing the proper monthly and emergency codes to Debtor to ensure that the Passtime System would not disable the Vehicle. When the Vehicle was disabled on July 4, 2006, Debtor possessed an emergency code to render the Vehicle operational for twenty-four hours. On July 5, 2006, Auto Credit provided Debtor with a code that was set to expire at the end of August 2006. Upon request of Debtor's attorney, Auto Credit provided Debtor's attorney with a new extended code on July 10, 2006, which would have prevented the Vehicle from being disabled on September 1, 2006; however, Debtor failed to timely or properly enter the code. In both instances, Auto Credit had provided Debtor or Debtor's attorney with the correct codes. It was Debtor's responsibility to properly input the codes. Thus, Auto Credit was not in violation of automatic stay under § 362(a)(3) when the Passtime System disabled the Vehicle on July 4 and September 1, 2006. Accordingly, the Court need not address whether the alleged violations were "willful" for the purposes of § 362(k). In re Lennan, No. 96-1911, 1997 WL 657118, at *5 (4th Cir. Oct. 9, 1997)(holding that because there was no violation of the stay, debtor was not entitled to attorney's fees for a *willful* violation of stay).

**II.    Damages**

  A. Actual Damages

Even if Auto Credit's actions amounted to a willful violation of the stay, the Court finds that Debtor failed to prove by clear and convincing evidence that he suffered any actual injury as a direct result of Auto Credit's actions. Debtor was at home when the Passtime System disabled the Vehicle on July 4, 2006. Debtor does not claim that he suffered any out-of-pocket expenses to procure other means of transportation, missed work or was otherwise inconvenienced by the disablement of the Vehicle. Debtor's complaint asserts the noise from the Passtime System created an "embarrassing and unwarranted intrusion into Debtor's personal life." However, Debtor has failed to provide evidence to establish such damages. See In re Jennings, No. 01-02330, slip op. at 7 (Bankr. D.S.C. Sept. 17, 2001) (requiring debtor to support a claim of damages by corroborating testimony or medical evidence to recover damages for emotional distress). Even if Auto Credit had violated the stay, Debtor would not be entitled to relief because he has failed to prove that he suffered damages. See In re Clarkson, 168 B.R. 93, 95 (Bankr. D.S.C.1994) (denying debtor's claim under § 362(h), the previous version of § 362(k), where debtor had not proved damages, despite having found that a willful violation of stay had occurred).

  B. Punitive Damages

The Court finds that an award of punitive damages is not justified by the facts of this case. The asserted stay violation was not the result of Auto Credit's intentional or egregious misconduct. See In re Brown, 342 B.R. 248 (Bankr.D.Md. 2006) (holding that

7

the award of punitive damages was not appropriate where the stay violation was not the result of intentional misconduct). Moreover, Auto Credit did not engage in wrongful conduct that needs to be deterred. Therefore, the Court does not award Debtor punitive damages.

## CONCLUSION

For the foregoing reasons, the Court denies Debtor's claim for relief for violation of the automatic stay.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
June 15, 2007